IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SHANE LEE LEDFORD                                                                                          PLAINTIFF

v.                                     Civil No. 6:23-CV-06091-SOH-MEF

JUDGE CHRIS WILLIAMS and
DEPUTY PROSECUTING ATTORNEY
A. DAVIS JARED                                                                                             DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court must screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I.  BACKGROUND

Plaintiff filed his Complaint on August 11, 2023. (ECF No. 1). Plaintiff alleges that on July 10, 2023, he was falsely imprisoned and wrongfully sentenced by Defendants. (*Id*. at 4). Plaintiff alleges he had two signed affidavits from the alleged crime victim stating that he did not hit her or her child, and she lied because she was on psychiatric medication. (*Id*. at 4-5). Plaintiff alleges these affidavits were given to Defendant Jared, but Plaintiff was denied a jury trial and sentenced to 6 years of probation with a 10-year suspended sentence. (*Id*. at 5). Plaintiff states he also received a 16-year sentence as well. (*Id*.).

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

Plaintiff proceeds against both Defendants in their official and individual capacities. (ECF No. 1 at 7). To support his official capacity claim, Plaintiff alleges "they charged me on a probation violation gave me a plea the judge didn't agree with and sentenced me to 16 years ADC and didn't give me a chance to speak a right to trial or due process. Withheld evidence on my behalf." (*Id*.). Plaintiff seeks to have Defendants lose their jobs, to investigate them concerning wrongful convictions, to have a trial or appeal over his conviction, and to receive $100,000 for his wrongful imprisonment. (*Id*. at 9).

## II. LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is

2

discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

The Honorable Chris Williams, an Arkansas Circuit Court Judge for the Seventh Judicial Circuit, Division One, is immune from suit. "Few doctrines were more solidly established at common law than the immunity of judges for liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). The Supreme Court "has pronounced and followed this doctrine of the common law for more than a century." *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985) (citation omitted). Judicial immunity is only overcome in two narrow situations: (1) if the challenged act is non-judicial, and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Moreover, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citations omitted); *see also Bolin v. Story*, 225 F.3d 1134, 1240-42 (11th Cir. 2000) (judicial immunity applies to *Bivens* actions); *Schwartz v. Weinstein*, 459 F.2d 882, 883 (8th Cir. 1972) (judicial immunity applies to actions under 42 U.S.C. § 1985); *Nolan v. Campbell*, 369 F. Supp. 1032, (E.D. Mo. 1974) (judicial immunity applies to actions brought under 42 U.S.C. §§ 1983 & 1981). Plaintiff's factual allegations against Judge Williams are for actions taken in his judicial capacity. Thus, Judge Williams is immune from suit.

Defendant A. David Jared, a Deputy Prosecuting Attorney, is also immune from suit. A prosecutor is absolutely immune from suit for any conduct undertaken in his or her role as advocate for the state. *Imbler v. Pachtman*, 424 U.S. 409 (1976). Absolute prosecutorial immunity protects the prosecutor as a key participant in the criminal justice process, such that the prosecutor need not be inhibited from performing his or her functions by a constant fear of retaliation. *Id*. at 428. This is true no matter the underlying motive of the prosecutor or the propriety of the actions taken. *Myers v. Morris*, 810 F.2d. 1437, 1446 (8th Cir. 1987) (finding that allegations that a prosecutor proceeded with a prosecution based on an improper motive did not defeat absolute prosecutorial immunity); *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) ("Actions connected with initiation of prosecution, even if those actions are patently improper are immunized.") (internal quotation omitted).

Finally, Plaintiff may not use the civil rights statutes as a substitute for *habeas corpus* relief. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement). 28 U.S.C. § 2254 is the only means by which "a person in custody pursuant to the judgment of a State court" may raise challenges in federal court to the validity of his conviction or sentence or to the execution of his sentence. *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001); *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003). That Plaintiff has brought and styled this action under § 1983 is of no consequence for, as the Court noted in *Crouch*, "a person in custody pursuant to the judgment of a State court" can only obtain habeas relief through § 2254, *no matter how his pleadings are styled*. *Crouch*, 251 F.3d at 723 (citing *Felker v. Turpin*, 518 U.S. 651, 662 (1996) and *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir.), *cert. denied*, 531 U.S. 1029 (2000)).

## IV.     CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of August 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE